UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHEVRON PUERTO RICO, LLC<br>    Plaintiff<br><br>vs.<br><br>ANGEL J. MARTINEZ-VALENTIN<br>JOHN DOE AND ABC COMPANY<br>    Defendants | CIVIL NO.: 10-1192 (JP)<br><br>FOR:<br><br>(1) INFRINGEMENT OF REGISTERED TRADEMARKS AND TRADEMARK COUNTERFEITING;<br><br>(2) TERMINATION UNDER PETROLEUM MARKETING PRACTICES ACT<br><br>(3) OTHERS |

**MOTION UNDER RULE 12(b) TO QUASH SERVICE**

**TO THE HONORABLE COURT:**

COMES NOW Defendant, **ANGEL J. MARTINEZ-VALENTIN**, through the undersigned attorneys, without submission to this Honorable Court, respectfully states and prays as follows:

FACTS

1. Defendant, Angel J. Martinez-Valentin, who is not submitting himself to the jurisdiction of this Honorable Court, has physical address in Barrio La Torre, Carr 368 Km 5.0, Sabana Grande, P.R. and postal address in P.O. Box 1002, Sabana Grande PR 00637 with telephone number 787-873-2480.

2. On March 17, 2010 the plaintiff, through his server, Andres Laboy, personally delivered the summons and copy of the complaint of the instant case to a third party who does not live with the defendant or has been duly authorized to receive any court documents on defendant's behalf.

3. As stated in the summons itself, Mr Laboy serviced the summons and copy of the complaint of the instant case personally to Mr. Israel Martine at Ave 5 de Diciembre #108 in Sabana Grande, P.R. for service of the summons and complaint were improper and this Honorable Court lacks personal jurisdiction pursuant to Rule 4(e) and 4(k) of the Federal Rules of Civil Procedure. *(Please see attached summons and sworn statement by Mr. Israel Martinez)*

## ARGUMENTS

4. Rule 4(e) of the Federal Rules of Civil Procedure clearly states that service upon an individual "other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to **the individual personally**; (B) **leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there**; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

5. Rule 4(k) states that "serving a summons or filing a waiver of service establishes *(this Honorable Court's)* personal jurisdiction over a defendant". *(our amendment)*.

6. Rule 12(b)(5) of the Federal Rules of Civil Procedure clearly states that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: ...(5) insufficient service of process".

7. Since the plaintiff did not serve the summons according to one of the provisions stated either by state or federal civil procedure this Honorable

> Court lacks jurisdiction and no injunctive relief should be issued until plaintiffs comply with proper service. *(*See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1084 (1st Cir. 1992) ("Pleasant St. I") (absent personal jurisdiction, preliminary injunction and contempt orders are void since court would not have had authority to enter the orders).

8. "On a motion to dismiss for want of *in personam* jurisdiction, Fed. R. Civ. P. 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

9. Proper service of summons and complaint must be made in order for this Honorable Court to exercise jurisdiction over the defendant for the defendant respectfully requests that the instant service of summons be quashed and that any order for relief be vacated until proper notice and opportunity to present the necessary evidence against plaintiffs contentions regarding all allegations of the complaint.

WHEREFORE it is hereby requested that the service of the summons be quashed and any proceedings, orders and periods of time that have been entered be vacated and reinstated after the plaintiff fully complies with due process of the summons and compliant.

**RESPECTFULLY SUBMITTED**

I HEREBY CERTIFY that on this same day, the undersigned attorney filed the foregoing with the Clerk if the Court using CM/ECF system, which will send notification of such filing to the following: Keneth Suria, Esq. and Marena S. Ramirez, Esq.

In San Juan, Puerto Rico this March 22, 2010.

JUAN C BIGAS LAW OFFICES
Counsel for Defendant
PO BOX 7011
PONCE PR 00732
787-259-1000

*s/ Juan C. Bigas-Valedon*
**Juan C. Bigas-Valedon, Esq.**
USDC-PR 215404