IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHEVRON PUERTO RICO, LLC,<br><br>    Plaintiff<br><br>        v.<br><br>ÁNGEL J. MARTÍNEZ-VALENTÍN, et al.,<br><br>    Defendants | CIVIL NO. 10-1192 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Ángel J. Martínez-Valentín's ("Martínez") Motion to Quash Service (**No. 8**) and Plaintiff Chevron Puerto Rico, LLC's ("Chevron") opposition thereto (No. 9). Also before the Court is Defendant Martínez's Motion to Dismiss (**No. 17**) and Plaintiff's opposition thereto (No. 20). For the reasons stated herein, Defendant Martínez's Motion to Quash Service is **GRANTED IN PART AND DENIED IN PART** and Defendant Martínez's Motion to Dismiss is **DENIED**.[1]

**I.   FACTUAL ALLEGATIONS**

Plaintiff Chevron, previously known as Texaco Puerto Rico, LLC and Texaco Puerto Rico, Inc., filed the instant action against Defendant Martínez, John Doe and ABC Company, Inc. alleging claims

---

1.   Pending before the Court are also Plaintiff's motions requesting a temporary restraining order, preliminary injunction, and permanent injunction and motion for a hearing (Nos. 12, 24 and 25). The Court will enter a separate order on these motions.

CIVIL NO. 10-1192 (JP)              -2-

for trademark infringement and dilution in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") and the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125 *et seq.* ("Trademark Dilution Revision Act"); for cancellation of the franchise agreement pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.* ("PMPA"); for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure ("FRCP"); for damages for breach of contract and loss of business or income pursuant to Articles 1044, 1054, 1077 and 1206 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 2994, 3018, 3052, 3371, *et seq.*; lessee dispossession pursuant to Article 1459 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 4066; and damages under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

On March 18, 2009, Defendant Martínez entered into two agreements with Plaintiff Chevron: (1) a lease agreement ("Lease"); and (2) a supply agreement ("Supply Agreement"). The Lease was for the use of the real property located at 5 diciembre Avenue #110, Sabana Grande, Puerto Rico, in order to operate a gasoline service station ("Station"). The Lease term was for a period of three years starting on April 1, 2009 and ending on March 31, 2012. Pursuant to its terms, the Lease converts to a month by month tenancy if Defendant Martínez retains possession of the premises at the end of the three-year term. The Lease provides that Defendant Martínez must

CIVIL NO. 10-1192 (JP)        -3-

pay Chevron a monthly rent.  The Lease also provides that Defendant must pay each delivery of the Texaco petroleum products with cash or by electronic transfer or ACH.  The Lease stated that Defendant Martínez is obligated to use the property as a gasoline service station to sell Texaco branded petroleum products, merchandise and services normally rendered at Chevron's gasoline and service stations.  The Lease also provides that if Defendant Martínez fails to comply with any of his duties under the Lease, Chevron may terminate the Lease.

Under the terms of the Supply Agreement, Defendant Martínez is granted the right to buy for resale Texaco branded petroleum products and to operate the Station under the Texaco trademark.  The Supply Agreement is for a period of three years and continues in effect as long as the Lease continues in effect.  The Supply Agreement states that payment of each delivery will be in cash prior to receiving the product.  The Supply Agreement also states that Defendant Martínez would only use the marks, registered marks, trademarks, names, service distinctions, and/or color patterns that Chevron authorizes. In addition, Defendant Martínez is required to comply with all the applicable environmental laws and regulations.  Pursuant to the Supply Agreement Plaintiff can suspend the delivery of petroleum products and terminate the agreement if Defendant fails to comply with the terms of the agreement.

CIVIL NO. 10-1192 (JP)          -4-

    Plaintiff alleges that Defendant Martínez has repeatedly breached the terms of the Lease and Supply Agreement because he has refused to pay for rent and gasoline products.  Defendant Martínez owes Chevron a total of $77,109.01 for rent, petroleum products and other products sold and delivered.  Defendant Martínez has failed to have Texaco products available for consumers and is selling other brands of gasoline through Texaco's equipment.  Plaintiff alleges that Defendant's selling of non-Texaco branded gasoline has affected Chevron's market share.

    On January 8, 2010, Plaintiff's counsel sent Defendant Martínez a written notice terminating the franchise relationship, effective ten days from the letter due to Defendant Martínez's violations of the Lease and Supply Agreements and the PMPA, 15 U.S.C. § 2802, *et seq.*  The termination notice explained that the franchise relationship was being terminated because of Defendant Martínez's failure to pay the amounts owed to Chevron.  The termination notice requested that Defendant Martínez surrender control of the Station to Chevron and included a summary statement by the Secretary of Energy pursuant to Article 104(c)(3)(C) of the PMPA, 15 U.S.C. § 2804(c)(3)(C).  On January 20, 2010, Chevron's counsel sent Defendant's counsel a supplemental letter stating that the franchise relationship was being terminated, effective ten days from the letter due to Defendant Martínez's failure to comply with the Lease and the Supply Agreement.

CIVIL NO. 10-1192 (JP)            -5-

Defendant allegedly continues to display signs bearing Plaintiff's trademarks and refuses to surrender the Station and the store. Chevron alleges that Defendant Martínez's actions potentially expose Chevron to liability under environmental laws, rules and regulations.

## II.  DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

In its motion to quash service, Defendant argues that service of process was insufficient because Plaintiff served an employee of Defendant, Israel Martínez, who was not an agent authorized by the Defendant to receive summons or any personal court documents on behalf of Defendant. Israel Martínez, in his sworn statement (No. 8-2), states that he told the process server that he was an "employee" of Defendant, and avers that he is not an authorized representative of Defendant to receive summons or any personal court documents.

In its opposition to Defendant Martínez's motion to quash service, Plaintiff alleges that it properly served Defendant Martínez by serving an employee at Defendant's place of business. Plaintiff alleges that, on March 16, 2010, Plaintiff's process server, Andrés Laboy ("Laboy"), properly served Defendant by going to the gasoline service station located at Avenue 5 de diciembre #110, Sabana Grande, Puerto Rico. In his sworn statement, Laboy states that he left the summons with Israel Martínez, who told Laboy that he was in charge

CIVIL NO. 10-1192 (JP)          -6-

of the station at the time (No. 9-2).  Plaintiff argues that return service should be considered *prima facie* evidence of service.

### A.    Service Under FRCP 4(e)(2)

Under Federal Rule of Civil Procedure ("FRCP") 4(e)(2), service can be made by either: (A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

In the instant case, there is no evidence or argumentation to support a finding that service was made to Defendant personally. There is also no evidence or argumentation to support a finding that service was made at Defendant's dwelling place or usual place of abode. While on the proof of service filed with the Court (No. 6), Laboy indicates that service was made at Defendant's "residence or usual place of abode," neither Plaintiff nor Defendant argue that service was made at Defendant's residence or usual place of abode. Plaintiff states that Defendant was served at his place of business, the gasoline service station.  However, the proof of service does not specify an address where service was made.

In addition, there is no evidence that Plaintiff has served the summons and complaint to an agent authorized by appointment or by law

CIVIL NO. 10-1192 (JP)        -7-

to receive service of process.  As such, the Court finds that service does not comply with FRCP 4(e)(2).

### B.    Service Under Puerto Rico Laws

Under FRCP 4(e)(1), service on an individual can also be made by following state law.  Fed. R. Civ. P. 4(e)(1).  Plaintiff argues that Defendant was properly served under Article 624 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 32, § 2825, which concerns service of process involving real property.  Section 2825 provides:

> [i]f the defendant cannot be found at the place of trial, or if he resides elsewhere, the summons shall be served upon the person who, in his name, is in any way in charge of the property at said place.

P.R. Laws Ann. tit. 32, § 2825.  While Plaintiff argues that the summons was properly served under Section 2825 on a person in charge of the property, Plaintiff makes no allegations that Defendant resides elsewhere or of Plaintiff's inability to locate Defendant in this jurisdiction.  In addition, although Laboy states that Israel Martínez told Laboy that he was in charge of the station at the time, Israel Martínez avers that he stated to Laboy that he was Defendant's employee.  Israel Martínez does not state whether or not he was in charge of the service station at the time.[2]

---

2.  Plaintiff argues that in light of the *prima facie* evidence of the return service the burden shifts to the Defendant to prove insufficient service. However, the Plaintiff is arguing that it effected service pursuant to state law and, in this case, the return of service did not specify an address where service was made and how it complied with state law.  See Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005) (noting that the presumption of service based on return of service "addresses evidentiary approaches for proving the fact of service in federal court; it does not address the antecedent questions of whether the chosen method of service conformed with the law").

CIVIL NO. 10-1192 (JP)          -8-

Under Puerto Rico Rule 4.4 for personal service, service of process on an individual is made by delivering a copy of the summons and complaint to him personally or to his authorized agent. P.R. Laws Ann. tit. 32, app. III, R. 4.4(a). The parties make no arguments that service was made under Rule 4.4.

In this case, given the inconsistencies in the return service and affidavit of Leroy, the Court finds that service of process against Defendant Martínez was insufficient. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Martínez's motion to quash service of process, and instructs the Plaintiff to perfect service against Defendant Martínez and file proof of service **on or before November 15, 2010.**

### III.   LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

CIVIL NO. 10-1192 (JP)            -9-

him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

**A.   Analysis**

Defendant Martínez moves for dismissal of the complaint on the grounds of: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) lack of the jurisdictional amount in controversy; and (4) improper venue.[3] Defendant also argues that Plaintiff is not the owner of the trademarks and therefore cannot seek a remedy for any violation. In addition, Defendant argues that he is not violating the Texaco trademark because Texaco's name and sign are no longer displayed at the Station. Further, Defendant alleges that the contract between Plaintiff and Defendant Martínez

---

3.   The Court notes that Defendant Martínez posed many rhetorical questions in his motion to dismiss and that some of the arguments raised by Defendant were not clear. As such, the Court did its best to interpret Defendant's arguments. The Court also notes that Defendant Martínez submitted exhibits to his motion to dismiss in the Spanish language, and that Defendant filed these documents without leave of the Court. Local Rule 5(g) requires that all documents not in the English language be accompanied by a certified English translation. Accordingly, the Court will disregard said documents.

CIVIL NO. 10-1192 (JP)        -10-

is invalid and should be nullified.[4]  The Court will now consider Defendant's arguments.

### 1. Lack of Subject Matter Jurisdiction and Lack of Jurisdictional Amount in Controversy

Defendant argues that the Court has no subject matter jurisdiction and that Plaintiff does not meet the required jurisdictional amount in controversy.

This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal laws.  Plaintiff brings the instant action pursuant to the Lanham Act, the Trademark Dilution Revision Act, and the PMPA. Defendant argues that Plaintiff has not met the jurisdictional amount in controversy requirement.  Said argument fails because the amount in controversy requirement applies to cases brought pursuant to diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) and not to cases brought under 28 U.S.C. § 1331.

---

4.   Defendant Martínez also argues that the parties agreed to the choice of forum as the state court of Puerto Rico. The Court notes that the documents submitted by Defendant in support of this argument were in the Spanish language. Defendant failed to provide a certified English translation for these documents as required by Local Rule 5(g).  Thus, the Court will not address Defendant's argument because it is based only on Spanish language documents.

CIVIL NO. 10-1192 (JP)        -11-

### 2. Lack of Personal Jurisdiction and Improper Venue

In his motion to dismiss, Defendant Martínez argues that the Court lacks personal jurisdiction and that venue in the District Court of Puerto Rico is improper.[5]

Federal Rule of Civil Procedure 12(g)(2) provides that:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

On March 22, 2010, Defendant Martínez made a Rule 12(b)(5) motion to quash service (No. 8). At that time, Defendant Martínez was required to raise any defenses listed in Rule 12(b)(2)-(5). See Fed. R. Civ. P. 12(h). According to FRCP 12(h), a "party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). Thus, in failing to raise the defense of venue under Rule 12(b)(3) in his first Rule 12(b) motion, Defendant waived this defense.

### 3. Trademark Violations

Defendant Martínez alleges that Plaintiff is not the owner of the Texaco trademarks. Defendant argues that another entity, "Chevron Intellectual Property LLC Ltd Co." is the owner of the

---

5.  Defendant Martínez, however, makes no arguments to support his motion to dismiss for lack of personal jurisdiction in his motion to dismiss. The only arguments made on personal jurisdiction are in his motion to quash service. In light of the Court's order granting Plaintiff an extension of time to perfect service, the motion to dismiss for lack of personal jurisdiction is denied.

CIVIL NO. 10-1192 (JP)            -12-

trademarks. Defendant also argues that Texaco's trademark is the use of its name, sign and dress all together as one complete trademark and brand. Defendant has removed Texaco's name and sign, and thus, Defendant argues that he is not violating any trademarks. Section 32(1)(a) of the Lanham Act, which governs claims for infringement of registered marks, states in relevant part that:

> [A]ny person who shall, without the consent of the registrant use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable to the registrant of the mark.

15 U.S.C. § 1114(1)(a); see Doral Pharmamedics, Inc. v. Pharm. Generic Developers, Inc., 148 F. Supp. 2d 127, 137 (D.P.R. 2001). Section 1114(1)(a) of the Lanham Act restricts relief to trademark registrants. See Shell Co. v. Los Frailes Serv. Station, Inc., 596 F. Supp. 2d 193, 203 (D.P.R. 2008) (citing Quabaug Rubber Co. v. Fabiano Shoe Co, Inc., 567 F.2d 154, 159 (1st Cir. 1977)). This Court has held that the term registrant includes assignees, and may include exclusive licensees, but does not include nonexclusive licensees. 15 U.S.C. § 1127; Los Frailes Serv. Station, Inc., 596 F. Supp. 2d at 103 (citations omitted).

 The United States Court of Appeals for the First Circuit has held that "anyone who may suffer adverse consequences from a violation of Section 1125(a) has standing to sue regardless of

CIVIL NO. 10-1192 (JP)         -13-

whether he is the registrant of a trademark." <u>Quabaug Rubber Co.</u>, 567 F.2d at 160.

In this case, Plaintiff alleges that it is the owner of the trademarks. In the Amended Complaint (No. 7), Plaintiff states that it is a wholly owned subsidiary of Texaco Estrella Puerto Rico, Inc., which is a wholly owned subsidiary of Texaco Overseas Holdings, Inc. Texaco Overseas Holdings, Inc. is a wholly owned subsidiary of TRMI Holdings, Inc., which is a wholly owned subsidiary of Texaco, Inc. Texaco, Inc. is a wholly owned subsidiary of Chevron Corporation. Chevron Corporation has the exclusive right to use the trade name Texaco and its related trade names and trademarks in the distribution and marketing of gasoline and petroleum related products through authorized independent dealers throughout Puerto Rico. Plaintiff alleges that Chevron Puerto Rico, LLC is duly authorized to use the trade name Texaco and Texaco's trademarks for gasoline and petroleum related products, and it is authorized to use the Texaco Service Stations service marks and trade dress.

Plaintiff alleges that Defendant Martínez is in violation of Plaintiff's trademark because the Station is still in the red and black trade dress, even though the Texaco sign has been removed, and that this is confusing for Plaintiff's customers because Defendant Martínez is selling non-Texaco products. Plaintiff notes that Defendant admits that the Station is painted in red and black, which is Texaco's trade dress. Plaintiff alleges that the red and black

CIVIL NO. 10-1192 (JP)           -14-

colors are features of the trademark.  Taking all of Plaintiff's allegations as true, the Court denies Defendant Martínez's motion to dismiss on the grounds that Plaintiff is not the owner of the trademarks and that Defendant is not in violation of the trademarks.

### 4. Breach of Contract

Defendant argues that the Lease and the Supply Agreement should be nullified because Defendant, prior to executing the new agreements, was told that Chevron and Texaco were the same entities. Defendant argues that Chevron falsely alleged that Chevron was in the same position and shoes as Texaco because Texaco changed its name to Chevron.  Defendant argues that Chevron knew that Texaco and Chevron were different entities.  Defendant also argues that Chevron knew that it had no legal rights regarding the agreements between the previous owner, Hilario Ayala-Vélez, and Texaco.  Defendant also alleges that he does not recognize Chevron as Texaco and argues that the contract is invalid because the agreement was based on deceit.

Plaintiff, in its opposition, alleges that it was formerly known as "Texaco Puerto Rico, LLC" and "Texaco Puerto Rico, Inc." Plaintiff alleges that Defendant Martínez and Plaintiff entered into two agreements - the Lease and Supply Agreement - on March 18, 2009. Plaintiff alleges that Defendant Martínez is in breach of both the Lease and the Supply Agreement because of his continued failure to pay for rent and for the petroleum products Defendant received from Plaintiff.

CIVIL NO. 10-1192 (JP)          -15-

Defendant Martínez signed both contracts at issue. His signature appears to the right of Plaintiff's (No. 20-1). Although Defendant Martínez argues that the contract is invalid and that he does not recognize Chevron as Texaco, Defendant Martínez received shipments of petroleum products from Plaintiff (No. 7-3). In light of the legal standard for a motion to dismiss which treats all of the allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the Court denies Defendant Martínez's motion to dismiss based on his arguments that the contract is invalid. Rumford Pharmacy, 970 F.2d at 997.

## IV.  **CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Martínez's motion to quash service, and hereby orders the Plaintiff to serve process on Defendant Martínez and file proof of service **on or before November 15, 2010**. In addition, for the above mentioned reasons, the Court **DENIES** Defendant Martínez's motion to dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of October, 2010.

                                          s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE